LANDRY, Judge.
This is an appeal from a decision of the Civil Service Commission (sometimes hereinafter referred to simply as “the Commission”) affirming the dismissal of appellant, Turner A. Scallan, by his employing authority, namely, the Department of Institutions, State of Louisiana. By letter dated March 21, 1961, appellant (an employee in the Classified State Service) was discharged from the position of Correctional Officer I at the Louisiana Correctional and Industrial School, DeQuincy, Louisiana, (sometimes hereinafter referred to as “the School”) effective at the close of business on the date of said letter of discharge.
The notice of dismissal issued by Warren A. Cormier, superintendent of the school, set forth four reasons for dismissal. From said order of dismissal appellant filed a timely appeal with the Commission in which some of the charges against him were denied, some explained and others excepted to on the ground of vagueness.
At the hearing held before the Commission, appellant’s exceptions of vagueness were upheld as to three of the charges leaving only to be considered by the Commission the following reason for appellant’s dis *162 charge stated in the letter of dismissal as follows :
“(2) You were supposed to report for work March 2, 1961, on the Evening Shift. You did not call the institution to notify that you would not report for work. On March 5th, after receiving many calls from different sources inquiring as to your whereabouts, I called Sheriff Didier of Avoyelles Parish for assistance in trying to locate you since you had lived in that parish before. Several hours after my call to Sheriff Didier, you called me by telephone at my home and stated that you were sick. On March 9, 1961, I received a letter from Marksville Medical Clinic dated March 7, 1961, and signed by Mr. A. M. Abramson, M. D. stating that you had been under his care. A close check with all institution personnel reveals that you had not notified anyone that you were not going to report for work on March 2nd. Rule #6 in Section I of the General Rules of the ‘Custodial Rules and Regulations for Employees’ states ‘Any emergency request for leave from regular assigned duties will be reported to immediate supervisors or the Control Officer. All other requests for leave will be turned in to immediate supervisors at least forty-eight hours prior to the time leave is to begin.’ ”
After hearing the evidence and taking the matter under advisement, the Commission made the following findings:
“FINDINGS OF FACT
“Appellant, while off duty on March 1, 1961, became ill and was taken to the hospital in Marksville, Louisiana. He was scheduled to report for duty at DeQuincy at 3:00 p. m. on March 2, 1961, and requested his daughters — on March 1st — to inform the Institution at DeQuincy of his illness and inability to report to duty. Appellant’s daughters requested the Sheriff’s Office in Marksville to radio this information to the Institution. The Sheriff’s radio could not contact DeQuincy, so the deputy contacted the State Police radio operator in Alexandria and requested him to forward the information, through the Lake Charles radio, to DeQuincy. There is no evidence that the information ever reached the Institution, nor was any evidence of confirmation of the message to the Avoyel-les Sheriff produced.
“Appellant, one day after he left the hospital, was advised that the Superintendent of the Institution was looking for him and thereupon telephoned the Superintendent to report his illness. The written rules of the Institution, with which appellant was familiar, require an employee to report an emergency request for leave to the immediate supervisor or to the control officer. The record reflects that this was not done by or for appellant.
“CONCLUSIONS OF LAW
“It was incumbent upon appellant to notify his supervisor or the control center of his illness and his request for emergency leave. His failure so to report, even after he was discharged from the hospital, cannot be condoned, and constitutes action detrimental to the operation of the correctional institution. This Commission does not substitute its judgment for that of the employing authority when the disciplinary action is supported by legal cause and it is not shown that the action was unreasonable, arbitrary, or discriminatory. The evidence shows a legal cause for appellant’s discharge, and his appeal is therefore dismissed.”
It is the contention of appellant that the allegations of fact contained in the herein-above quoted reason for dismissal do not constitute a violation of Rule No. 6 therein set forth and, therefore, the written notice fails to apprise appellant of any legal *163 cause for dismissal. Appellant further maintains that the allegations of fact contained in the notice (as well as the findings of fact made by the Commission) do not constitute legal cause for dismissal irrespective of their applicability to Rule 6 of the school.
On the other hand, appellee cites and relies upon a line of jurisprudence to the effect that in appeals from decisions of the Commission if there is any evidence to support the Commission’s findings that an employee’s conduct is prejudicial to the service, the ruling of the Commission dismissing an employee for conduct prejudicial to the service will not be disturbed on appeal.
Article 14, Sec. 15(N) (1) of the Constitution of the State of Louisiana, 1921, LSA, provides as follows:
“(N) (1) No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed,, or discriminated against, except for cause, expressed in writing by the appointing authority, (a) The burden of proof on appeal, as to the facts, shall be on the employee.”
The most recent interpretation of the foregoing constitutional provision is contained in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, rendered by the Supreme Court of this state, March 26, 1962, in which in reversing the decision of this Court, 132 So.2d 715, the Supreme Court stated:
“Under the Constitution of this state, Article 14, Section 15(0) (1), LSA, the decision of the Civil Service Commission is final on the facts, and appeals may be granted to the courts on questions of law alone. Under this mandate it is the duty of the courts to accept the findings of fact made by the commission and to determine whether under such facts there exists legal cause for disciplinary action, for the Constitution, Article 14, Section 15(N) (1), also provides that no person in the classified service who has acquired permanent civil service status shall be demoted, dismissed, or discriminated against except for cause expressed in writing by the appointing authority.
“Under these provisions of the Constitution the courts may not inquire into the sufficiency of the evidence to ascertain whether the commission was correct in its finding of fact, and if there is any evidence to support its findings of fact, such finding may not be disturbed. Consequently, if the facts found by the commission disclose legal cause for disciplinary action, there is nothing for the courts to review.”
The foregoing constitutional provision and cited jurisprudence clearly imposes upon the Court the duty of determining whether, under the facts found by the Commission, legal cause existed for disciplinary action taken against an employee enjoying permanent status in the classified service of the state as defined in Article 14, Section 15 of our State Constitution.
Learned counsel for the Commission argues that Rule 6 (set forth in full in the hereinabove quoted portion of the notice of appellant’s dismissal, provides for two types of leave, namely, (1) emergency leave and (2) all other. Esteemed counsel reasons that sick leave can only be classified as emergency leave and as there are only two categories provided for in the rule, sick leave is encompassed within the meaning and intendment of the regulation, therefore, an employee desiring sick leave must report his absence and request leave for illness.
On the other hand, appellant points out that the rule in question makes no specific mention or reference to sick leave and further that the use of the word “request” implies antecedent or prior knowledge of a need or desire for leave which the employer may grant or deny at his option.
*164 Rule 6 with which we are here concerned is not shown to be a rule of the Commission and, as such, entitled to the force of law as provided for in Article 14, Sec. 15(1). Even so, its interpretation by the employing agency or the Commission is not a question of fact but one of law reviewable by the courts under the authority of Article 14, Section 15(0) (1).
Although it is not made clear whether Rule 6 was promulgated by the sttperin-tendent of the school or by the Department of Institutions (of which the school is a subordinate agency) the regulation is nevertheless shown to be one of the “custodial rules and regulations” in effect since 1958 and which appellant’s employing authority has imposed for the guidance and regulation of its employees. We herein question neither the right of appellant’s employing agency to adopt such a rule nor its power to interpret same. The interpretation thereof by the employing agency is, however, a question of law subject to review, first by the Civil Service Commission in the exercise of its appellate jurisdiction and thereafter by the courts in discharge of their duty to review the decision of the Commission all as provided for in Article 14, Sec. 15(0) (1) of the State Constitution.
Whether the interpretation and application of such a rule by an employer in a given case constitutes lawful cause for disciplinary action against an employee is likewise a question of law subject to review by the court. An interpretation or application of such a rule by an employing agency resulting in an arbitrary, capricious or unreasonable dismissal of an employee renders the dismissal null and void as being in direct violation and contravention of the express provision of Article 14, Sec. 15 (N) (1) of the state constitution which prohibits such disciplinary action without lawful cause.
In the instant case the employing agency (as stated in the brief filed herein on its behalf) interprets the rule in question to mean that an employee must under all circumstances give prior notice of illness and request emergency leave when absent from work for illness or other physical indisposition. The salient portion of the notice of dismissal given appellant states appellant’s alleged infraction as follows:
“ * * * you had not notified anyone that you were not going to report for work on March 2nd.”
In appellee’s brief the reason for appellant’s dismissal is stated as follows:
“Appellant was discharged for the reason that he failed to notify the institution that he would not report for work on his regular assigned shift. In other words, he was absent without leave.”
In the case at bar the Commission found as a fact that appellant became ill and was hospitalized March 1, 1961, while off duty. Notwithstanding appellant was not scheduled to report for work until 3:00 P.M., March 2, 1961, appellant, nevertheless, on March 1, 1961, while in the hospital, requested certain members of his family to notify his employer at DeQuincy, Louisiana, of his illness and consequent inability to report for work the following day. The members of appellant’s family requested by appellant to notify appellant’s employer of appellant’s predicament sought to relay appellant’s message through the Sheriff’s Office in Marksville, Louisiana, which office sought to transmit the information via radio. Manifestly, appellant being confined to a sanitarium (the record indicating for treatment for pneumonia) was in no position to give advance notice of illness or request leave for hospitalization for a malady of such nature which we can reasonably infer to be totally unforeseen and unexpected. Despite the circumstances shown appellant endeavored to apprise his employer of the condition prevailing. The day following his release from the hospital, appellant then learned for the first time that his message had not been delivered. He immediately *165 telephoned the superintendent of the school and reported the reason for his absence.
To require an employee to give advance notice and request leave for hospitalization for an illness the onset of which is sudden, unexpected and unpredictable and of sufficient severity as to require immediate hospitalization, is, in our judgment, patently arbitrary, unreasonable and capricious. To so hold would obviously lead to harsh, inequitable, unconscionable and ridiculous consequences and under easily foreseeable circumstances would demand of an employee a condition impossible to fulfill. To so hold is to approve dismissal of an employee who is suddenly and unexpectedly rendered comatose by a stroke or who, being involved in an accident, is injured and taken unconscious to a hospital. In neither of the instances noted could an employee either give the necessary prior notification of absence or make antecedent request for leave yet under the interpretation of the rule advanced by appellee he could be dismissed for his failure to do either or both.
We do not dispute and herein freely acknowledge the authority of an employer to adopt and enforce rules and regulations governing antecedent notification of absence and request for leave due to illness provided, of course, such rules are reasonable, do not lead to absurd consequences and their application does not result in harshness or inequity. Likewise, there can be no doubt but that an employer may impose on civil service employees reasonable requirements regarding notification of necessary absence from work due to sudden unexpected incapacity arising under circumstances which obviously preclude both prior notice and antecedent request for sick leave. In cases of sudden emergency resulting in unforeseen incapacity due to causes over which the employee has no control such as, by way of illustration only, sudden heart attack or the occurrence of an accident producing disabling injury, antecedent notification of absence or prior request for leave is patently and obviously impossible. Under such circumstances the employer may reasonably demand and expect only that the employee shall notify the employer of the cause of such absence and formally request sick leave within a reasonable time. In circumstances involving leave necessary for illness not requiring immediate unforeseen absence from work, such as, by way of illustration only, leave necessary for the purpose of routine medical examination or treatment or non-emergency surgery, it is equally clear that an employer may impose reasonable regulations regarding both prior notice and request for leave.
The interpretation of the rule in question as applied to the facts herein found by the Commission is, in the view of this Court, arbitrary, unreasonable and capricious. Its application to the facts and circumstances violates the provisions of Article 14, Sec. 15 (N) (1), which guarantees that an employee enjoying permanent status may be discharged only for legal cause.
Insofar as the rule in question requires notification, only, it is the opinion of this Court that the facts as found by the Commission, disclose no violation of the duty to give notice. Under the circumstances found by the Commission, effort was made by the indisposed employee to comply with that portion of the rule requiring notification of absence. In this regard the Commission found that prior to the time that appellant was scheduled to report for work, appellant, though indisposed, requested members of his family to notify his employer of his impending absence. Being confined to a hospital with pneumonia, Scallan could not reasonably be expected or required to do more under the circumstances shown. The fact that the parties selected to convey the notice did not discharge the duty with which they were entrusted was certainly not the fault of appellant whose physical condition and situation prevented him from performing the function in person. Having selected *166 apparently reliable messengers and a means of communication reasonably deemed trustworthy, an employee in appellant’s condition and position, in legal contemplation, fulfilled any burden respecting notification of his absence incumbent upon him under the rule in question. Moreover, the moment appellant learned his employer had not received notification he immediately telephoned the school.
The numerous cases cited by appellee to the effect that where there is any evidence before the Commission showing that the employee’s conduct is prejudicial to the service, the ruling cannot be disturbed, are clearly inapplicable to the case at bar. In the instant case, the question is not whether appellant’s conduct has been shown to be prejudicial to the service but rather whether appellant’s dismissal was for lawful cause or whether his discharge was unreasonable, arbitrary or capricious. The issue thus presented is one of law reviewable by the court. Gremillion v. Department of Highways, La.App., 129 So.2d 805; Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (Supreme Court, rendered March 26, 1962).
For the reasons assigned, the judgment appealed from is annulled, reversed and set aside and judgment rendered herein in favor of appellant Turner A. Scallan, reinstating said appellant in his former position as Correctional Officer I at the Louisiana Correctional and Industrial School at De-Quincy, Louisiana, and awarding said appellant judgment against said Louisiana Correctional and Industrial School at DeQuincy, Louisiana, for wages due from March 21, 1961.
Reversed and rendered.