null transfers. Also, it could not breathe life into a nullity.

"Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed." R.C.C., Art. 12; State ex rel. White v. Mason, 17 La.App. 504, 133 So. 809, 811; Sonnier v. Fris, 220 La. 1085, 58 So.2d 393.

"The prescription of one year against an action to annul a judgment obtained by fraud, or in consequence of the loss of a receipt as provided for in article 613 of the Code of Practice, is not applicable to a confession of judgment made in violation of a law of public policy, because a transaction of that unlawful character cannot be made valid by ratification, either express or tacit. * * *" Phillips v. Bryan, 172 La. 269, 134 So. 88.

"NULLITY. It has been said that it is very difficult to give a concise, and yet sufficiently comprehensive definition of a nullity. In law it means a void act or an act having no legal force or validity; invalid; null; that which is morally impossible. It is such a defect as renders the proceedings in which it occurs totally null and void, of no avail or effect whatever, and incapable of being made so. * * *" 66 C.J.S. NULLITY p. 984.

In view of the foregoing, I agree with the findings of the trial court and the Court of Appeal that there is no genuine issue as to material fact in this case.

I respectfully dissent.

233 So.2d 553

Elsie M. BRADFORD

v.

DEPARTMENT OF HOSPITALS, State of Louisiana. (Consolidated)

Nos. 49943, 49949, 50129.

March 30, 1970.

Walter J. Horrell, H. K. Sweeney, Thomas W. Landry, Samuel R. Cicero, Baton Rouge, for appellant.

Bernard Kramer, Alexandria, for appellee.

BARHAM, Justice.

Elsie M. Bradford appealed to the First Circuit Court of Appeal from the ruling of the State Civil Service Commission upholding her dismissal from her permanent position as Nurse's Aide II at the Huey P. Long Charity Hospital in Pineville, Louisiana.[1] In compliance with Rule 16(3) of the Uniform Rules of the Courts of Appeal she included an assignment of errors in her application for appeal, asserting primarily that the Commission had erred:

---

1. Although Article 14, Section 15(O) (1), of the Constitution provides that decisions of the Civil Service Commission are appealable to the Supreme Court, we have determined that Article 7, Section 10, as amended in 1958 provides the sole appellate authority of the Supreme Court, State v. Thomas, 245 La. 444, 158 So.2d 606; and the Courts of Appeal now exercise appellate jurisdiction in State Civil Service cases. See Villemarette v. Department of Public Safety, 129 So.2d 835 (La.App.1st Cir. 1961), and Burton v. Department of Highways, 135 So.2d 588 (La.App.1st Cir. 1961), which were transferred to the Court of Appeal from this court.

"1. By upholding the constitutionality and legality of Civil Service Rule 12.10 which reads as follows:

'(a) An employee absent from duty because of ilness or disabling injury who has exhausted all sick leave may be removed by his appointing authority. Such removal shall not disqualify him for non-competitive re-employment as provided in Rule 8.18.

'(b) Notice of such action shall be given pursuant to the provisions of Rule 12.3.'

"* * *""

The Court of Appeal held Rule 12.10 of the State Civil Service Commission, under which the employee was discharged, to be unconstitutional on the theory that the rule does not state sufficient or legal cause for removal. 222 So.2d 981. The defendants [2] obtained a purported order of appeal to the Supreme Court from the First Circuit and filed an appeal record here. At the same time they applied to this court for writs of certiorari, which we granted. Since there has been an attempt to have us consider the record under our appellate jurisdiction and since we have granted supervisory writs for review of the record, we must decide which is the proper power under which this court may exercise jurisdiction in this case.

2. The State Department of Hospitals was named defendant, but the Court of Appeal found it necessary to grant a rehearing in order that the Director of Personnel of

Article 7, Section 10, of the Constitution, which defines our jurisdiction, provides in part:

"* * *

"The following cases only shall be appealable to the Supreme Court:

"* * *

"(2) Cases in which an ordinance of a parish, municipal corporation, board or subdivision of the state, or a law of this state has been declared unconstitutional;

"* * * *""

An appeal in Louisiana is defined as "* * * the exercise of the right of a party to have a judgment of a *trial court* revised, modified, set aside, or reversed by an *appellate court*". C.C.P. Art. 2082. (Emphasis supplied.) Although our Code of Civil Procedure, statutes, and court rules establish detailed rules for appeals from courts of original jurisdiction, our law provides no procedure for an appeal from an appellate court judgment.

When a trial court declares a law unconstitutional, unquestionably the appeal in such a case is directly to the Supreme Court. However, we have never passed upon the question of whether the right of appeal, as opposed to the right to seek supervisory writs, exists when an appellate

the State Department of Civil Service might be made a party as required by R.S. 13:3416.

court declares a law unconstitutional. Article 7, Section 10, in defining our appellate jurisdiction envisions the exercise of that jurisdiction over judgments rendered in courts of original jurisdiction. It is apparent that when this constitutional provision was adopted, the possibility was not considered that the Court of Appeal might be the court which would strike down a law as unconstitutional, although such an occurrence is as a matter of fact common.

■ It is also apparent that in the adoption of the above quoted provision of Article 7, Section 10, there was an overriding consideration that no law of this state or ordinance of one of its subdivisions should be declared unconstitutional without an absolute right of direct review by the Supreme Court. Two judicial appeals, however, are not authorized by our Constitution, and therefore a right of review by appeal to the Supreme Court would attach only when a court of original jurisdiction has declared a law unconstitutional. Although the granting of writs under our supervisory jurisdiction, which is exercised to correct error of law in the courts below, is generally discretionary, the Constitution has provided that applications for certiorari from the Courts of Appeal shall

be granted as a matter of right in two instances.[3]

■ Believing that the intendment of the Constitution is that the Supreme Court be the immediate and final arbiter as a matter of right when *any court* has declared a law or ordinance unconstitutional, and finding that a right of appeal does not exist when a Court of Appeal has declared a law of this state or of one of its subdivisions unconstitutional, we conclude that we should, and that we will, grant certiorari *as a matter of right* to the applicant in a case where the appellate court has declared a law unconstitutional. We will therefore consider the matter now before us as upon certiorari, and will disregard the appeal which was attempted to be lodged.

Article 14, Section 15(I), of the Constitution grants to the State Civil Service Commission the authority " * * * *to adopt*, amend, repeal and *enforce rules which shall have the effect of law, regulating employment*, transfers, promotion, *removal * * *"* of personnel subject to State Civil Service regulations. (Emphasis supplied.) Section 15(N) (1) of that article provides: "No person in the State or Classified Service, having ac-

---

3. Article 7, Section 11, of the Constitution provides that a writ of certiorari shall be granted as a matter of right when the decision of a Court of Appeal on a question of law is in conflict with the jurisprudence of the Supreme Court or with that of another Court of Appeal on a question not yet decided by the Supreme Court.

quired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority. (a) The burden of proof on appeal, as to the facts, shall be on the employee."

Under the latter provision this court held in Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464, that illness even of a temporary nature could be grounds for removal of an employee, but that the termination of an employee's service must occur during the time of the disability and must be with notice. In compliance with the holding of the Dickson case the State Civil Service Commission, under its rule-making power provided by Article 14, Section 15(I), enacted Rule 12.10 which states that an employee who remains absent from work by reason of illness and "who has exhausted all sick leave may be removed by the appointing authority".

It is the contention of the employee in the present case that this rule does not state a cause for removal as required by Article 14, Section 15(N)(1), and is therefore unconstitutional. She contends, and the Court of Appeal held, that Rule 12.10 is deficient because it does not include the specification that the absence of the terminated employee adversely affects or is detrimental to the operation of the department for which the employee worked. We do not agree that the rule must include this specification, for unless the contrary is established, we feel required to assume that every employee is necessary to the operation of the State's business.

The Civil Service Commission has said:

"The classified service of the State is not a sinecure nor a haven for the sick and ailing. * * *

"The Rules make allowance for sick leave with pay for employees in the classified service (Rule 11.11 et seq.). But there is no law or rule that entitles one who has become incapacitated by illness or accident to continue indefinitely in the service; and, after the allowance of sick leave prescribed by the Rules has been exhausted, it is a matter of administrative discretion as to how much longer the employee shall be allowed to retain his position in the classified service." (Quoted in Villemarette v. Department of Public Safety, supra.)

The State Civil Service Commission, like many other public agencies and private businesses, has advantaged certain state employees by allowing specified periods of sick leave without termination of employment. The Commission has by rule stated as a cause for removal, within the discretion of the appointing authority, absence from work by reason of illness after sick leave has been exhausted. In Dickson we recognized such absence to be just cause for dismissal when the appointing authority's discretion is exercised in good faith.

 Constitutionality of laws is presumed, and Civil Service rules are by constitutional provision equated with state laws. We have no difficulty in finding that Rule 12.10 complies with Article 14, Section 15(N) (1), of the Constitution. We hold that a rule providing for the permissible termination of an employee who is unable to perform his duties by reason of illness, and who has exhausted his sick leave, expresses a legal cause for dismissal.

 The employee argues alternatively that the discretionary action of the appointing authority was an unconstitutional application of the rule discussed above or an abuse of discretion and an act in bad faith under that rule. The findings of fact by the Commission, which we must accept, refute these contentions. The Commission found that the employee was in fact ill, absent from work, unable to fill her position, and had exhausted her sick leave, and that the vacancy created by her absence needed to be filled for the satisfactory operation of the particular hospital department. We agree with the Commission's conclusion that the discharge of the absent employee under the facts of this case was a proper exercise of the discretionary removal power by the appointing authority under Rule 12.10.

For these reasons the judgment of the Court of Appeal is reversed, and the ruling

of the State Civil Service Commission is reinstated. The plaintiff is to pay all costs of the proceedings.