971 So.2d 1051 (2007)
Robert SHORTESS
v.
DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS Elayn Hunt Correctional Center.
No. 2006 CA 2313.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
*1053 Jill L. Craft, Baton Rouge, for Plaintiff-Appellant Robert Shortess.
Joseph J. LaPlace, St. Gabriel, for Defendant-Appellee Department of Public Safety & Corrections.
Robert R. Boland, Jr., Baton Rouge, for Defendant-Appellee Anne Soileau, Director of State Civil Service.
Before: CARTER, C.J., PETTIGREW, and WELCH, JJ.
WELCH, J.
Plaintiff, Robert Shortess, appeals a ruling of the Civil Service Commission summarily dismissing the appeal of his termination from the Department of Public Safety and Corrections. We reverse and remand for a hearing.

BACKGROUND
In July of 2004, Mr. Shortess was hired by the Department of Public Safety and Corrections (DPSC) and worked as an investigative officer at the Elayn Hunt Correctional Center (EHCC). In January of 2006, EHCC demoted Mr. Shortess to the position of correction sergeant after he fell asleep on the job. The merits of that disciplinary action is pending before this court in Shortess v. Department of Public Safety & Corrections, docketed at XXXX-XXXX.
By letter dated July 11, 2006, Mr. Shortess was notified that he was being terminated from his position as a corrections sergeant pursuant to Civil Service Rule 12.6(a)1, which, subject to the provisions of the Americans with Disabilities Act (ADA), authorizes the non-disciplinary removal of an employee who is unable to perform the essential functions of his job because of an illness or medical disability, where the employee has exhausted fewer than eight hours of sick leave, and the duties of the job must be performed without further interruption.
In terminating Mr. Shortess, EHCC set forth the following reasons pursuant to Rule 12.6(a)1: (1) Mr. Shortess exhausted all of his sick leave and leave available under the Family Medical Leave Act; (2) Mr. Shortess' duties had to be carried on without interruption, and his absence seriously affected EHCC's ability to maintain adequate staff; and (3) on a form listing the essential functions of the job of corrections officer, Mr. Shortess indicated there were eight functions he could not perform.
On July 14, 2006, Mr. Shortess appealed the termination to the Commission, urging that it was not warranted and not in good faith or for legitimate cause. Later that month, the referee appointed by the Commission to hear and decide the appeal issued a notice to Mr. Shortess that his appear was possibly defective in that it did not appear to contest the elements of a Rule 12.6 removal. Mr. Shortess was ordered to confirm whether the elements of a Rule 12.6 removal were being contested.
In response, Mr. Shortess submitted that EHCC terminated him because he could not perform a small number of tasks required of the job of corrections sergeant without accommodation. He argued that because Rule 12.6 expressly states that it is subject to the provisions of the ADA, Rule 12.6(a)1 only authorizes the termination of an employee who cannot perform the essential functions of his position, with or without accommodation, the standard by which a termination is judged under the ADA. Mr. Shortess posited in accordance *1054 with the provisions of the ADA, EHCC was required to show that it attempted to accommodate his disabilities, and in the absence of evidence that it did so, Rule 12.6(a)1 could not serve as the basis for his termination.
EHCC countered that the Commission did not have jurisdiction over Mr. Shortess' appeal because it raised an employment discrimination claim under the ADA. EHCC also urged that an employee may be removed under Rule 12.6(a)1 whenever the employee cannot perform the essential functions of the job due to an illness or disability, and requested that the appeal be summarily dismissed because Mr. Shortess acknowledged he could not perform some of the functions of the position of a corrections officer.
The referee summarily dismissed Mr. Shortess' appeal without a hearing. In so doing, she concluded that in making a termination pursuant to Rule 12.6(a) "subject to the provisions of the ADA," the Commission did not intend to give itself jurisdiction to determine whether an employer had met its obligation under federal law. Instead, she opined, the Commission added the reference to the ADA "to alert state agencies that federal law might impact their use of Civil Service Rule 12.6(a)." The referee dismissed all claims based on the ADA, and observed that Mr. Shortess did not plead that he had more than 8 hours of sick leave, that his duties could go unperformed, or that he was able without ADA accommodation, to perform the essential functions of his position. Consequently, the referee ruled that Mr. Shortess' appeal did not contest any of the elements of a Rule 12.6 removal.
In this appeal, Mr. Shortess contends the Commission erred in: (1) in failing to afford him a hearing of any kind; (2) failing to consider any evidence; (3) refusing to consider the impact the agency's refusal to accommodate his disability had on his continued employment; and (4) refusing to consider any ADA issues, including his employer's uncontradicted refusal to accommodate him.

DISCUSSION
No person who has gained permanent status in the classified state service shall be subjected to disciplinary action except for cause expressed in writing. La. Const. art. 10, § 8(A).[1] A classified employee subjected to such disciplinary action has constitutional right to appeal the disciplinary action to the State Civil Service Commission. La. Const. art. 10, § 8(A); La. Const. art. 10, § 12(A).
Civil Service Rule 12.6, entitled "Non-disciplinary Removals," provides as follows:
The provisions of this rule shall be made generally available to all employees. An employee may be non-disciplinarily removed under the following circumstances. . . . Subsection (a) is subject to the provisions of the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA).
(a) Absence from Work
An employee may be removed under the following circumstances:
1. When, on the effective date of removal, the employee is unable to perform the essential functions of his job due to illness or medical disability and he has fewer than eight (8) hours of sick leave to his credit and his job must be performed without further interruption. (Emphasis added.)
*1055 Civil Service rules have the force and effect of laws. Bradford v. Department of Hospitals, 255 La. 888, 897, 233 So.2d 553, 556 (1970). It is well settled that Civil Service rules must be construed according to the rules of interpretation applicable to legislation. King v. LSU Health Sciences Center, XXXX-XXXX, pp. 5-6 (La.App. 1st Cir.4/2/04), 878 So.2d 544, 547. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9.
The referee correctly observed that Rule 12.6(a)1 constitutes legal cause for dismissal. See Bradford, 255 La. at p. 897, 233 So.2d at 556 (wherein the supreme court held that a rule providing for the permissible termination of an employee who is unable to perform his duties by reason of illness and who has exhausted his sick leave, expresses a legal cause for dismissal). However, the referee erred in interpreting Rule 12.6(a)1's reference to the ADA to merely provide a warning to agencies that the federal law may impact their termination decisions, and in construing Rule 12.6(a)1 in a manner that would require an employee to demonstrate that he can perform the essential functions of his job without ADA accommodation.
Rule 12.6 plainly and unambiguously subjects terminations based on an employee's inability to perform a job due to illness or disability to the provisions of the ADA. As a general rule, the ADA makes it unlawful for employers to discriminate against a "qualified individual with a disability" because of the disability. 42 U.S.C. § 12112(a). The term "qualified individual with a disability" is defined as a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The ADA imposes upon employers a duty to provide reasonable accommodations for known disabilities of its employees unless doing so would result in an undue hardship to the employer. Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522, 1526 (11th Cir.1997).
In order to establish a prima facie case of discrimination in violation of the ADA, federal law holds that a plaintiff must prove: (1) he has a disability; (2) he is a "qualified individual" who can perform the essential functions of the employment position he holds or desires with or without reasonable accommodation; and (3) he was subjected to unlawful discrimination because of his disability. The plaintiff in an ADA case bears the burden of proving to the fact finder that the reasonable accommodations were available. The employer has the burden of persuasion on whether an accommodation would impose an undue hardship. Holbrook, 112 F.3d at 1526.
We hold that because a Rule 12.6(a)1 termination is expressly subject to the ADA, the ADA accommodation requirement is incorporated therein as an element by which the propriety of the termination must be determined by the Commission. We conclude that a termination under Rule 12.6(a)1 is authorized if the employee is unable to perform the essential functions of his job with or without reasonable accommodation, the employee has less than eight hours of sick leave, and the employee is working at a job that must be performed without interruption.
The accommodation issue requires the Commission to make a number of factual determinations, including whether there are reasonable accommodations available, and whether accommodating the *1056 employee would impose an undue hardship on the employer. By urging that his employer failed to reasonably accommodate his disabilities, Mr. Shortess squarely put the merits of his Rule 12.6 termination at issue before the Commission. Therefore, we hold that the Commission erred in refusing to hold a hearing to determine the merits of Mr. Shortess' failure to accommodate claim. Accordingly, we remand this case to the Commission to conduct a hearing consistent with the pronouncements contained in this opinion. Costs of this appeal in the amount of $119.50 are assessed to appellee, Department of Public Safety and Corrections.
REVERSED AND REMANDED.
CARTER, C.J., dissented without reasons.
NOTES
[1] We presume, for the purpose of this appeal, that Mr. Shortess was an employee serving with permanent status at the time of his termination.