# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-747


TERESA W. ALLEN

VERSUS

CITY OF ALEXANDRIA


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230001
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**


**Daniel Elmo Broussard, Jr.**
**Broussard, Bolton, Halcomb**
**P. O. Box 1311**
**Alexandria, LA 71309**
**(318) 487-4589**
**Counsel for Plaintiff/Appellee:**
**Teresa W. Allen**

**Howard N. Nugent, Jr.**
**Nugent Law Firm**
**P. O. Box 1309**
**Alexandria, LA 71309-1309**
**(318) 445-3696**
**Counsel for Defendant/Appellant:**
**Alexandria Civil Service Commission**

**Steven M. Oxenhandler**
**Gold, Weems, Bruser**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendant/Appellant:**
**City of Alexandria**

**EZELL, JUDGE.**

In this matter, the City of Alexandria and the Alexandria Civil Service Commission (CSC) appeal the decision of the trial court awarding Teresa Allen payment in the amount of four percent of her permanent salary for a raise she did not receive while she spent time on special assignment for the City. For the following reasons, we affirm the decision of the trial court.

Ms. Allen works for the City as the Traffic Superintendent of the Traffic Department. On October 24, 2005, she was placed on special assignment as Acting Superintendent of the City's Streets Department. As does every employee placed on special assignment, Ms. Allen received a seven percent pay increase for the duration of her time in the new position. During her time on special assignment, the City issued an across-the-board four percent raise for all its employees effective May 1, 2006. Ms. Allen did not receive this raise. When she asked her Civil Service Director why she did not, she was told that she would receive the raise retroactively after she left special assignment. Ms. Allen left the special assignment on August 24, 2007. At that time, her pay was adjusted back to the permanent scale, then adjusted to reflect the four percent raise prospectively only. When she did not receive the four percent raise retroactively as promised, she filed an appeal with the CSC. The CSC denied her claim, stating that it was not filed timely. She appealed the matter to the trial court, who found in her favor, granting the raise.

From that decision, the City and CSC appeal. Both the City and CSC claim that the trial court erred in failing to rule that Ms. Allen's claim was filed untimely. The City further asserts that the trial court erred in finding it had authority to intrude upon the CSC's role in administering pay and wages and that the trial court erred in failing to give deference to the CSC's interpretation of its own rule.

1

The City and CSC first claim that the trial court erred in ruling that Ms. Allen's appeal to the CSC was filed timely. We disagree. The City and CSC point out that any employee who feels he or she has been improperly treated has thirty days to appeal the action under CSC Rule VIII.

The City and CSC claim that this thirty-day period began to run when Ms. Allen did not receive the raise on May 1, 2006. However, when Ms. Allen asked Pam Saurage, her Civil Service Director, about not getting the raise, she was told that she would get the raise retroactively after she stepped down from the special assignment. She took the word of the CSC, to her detriment, and took no action. She continued to believe she would receive the raise retroactively until she quit the special assignment in August of 2007. At that time, she discovered that CSC was not going to give her the raise retroactively, and she filed the claim before us.

The trial court found it to be "unfair and unrealistic to require an employee to file a complaint before he or she knows of the existence of unfair treatment" and that Ms. Allen did not discover the unfair treatment until she was issued her first check after the special assignment ended. We agree with the trial court. As Ms. Allen filed the current claim within thirty days of discovering that her raise would not be awarded for the time period between May 1, 2006 and August 24, 2007, and that Ms. Saurage had misled her in that regard, we find that the claim was filed in a timely fashion.

The City next claims that the trial court erred in "intruding upon" the CSC's role in administering pay and wages. The City bases this claim on a reliance upon *Bryant v. City of Alexandria*, 06-1439 (La.App. 3 Cir. 4/25/07), 956 So.2d 94, *writ denied*, 07-1108 (La. 9/14/07), 963 So.2d 999. *Bryant* dealt with a crew chief who was being paid less than the men under him. There was no basis in the law for his

raise request, and this court's ruling was entirely fact based. We find that case to be distinguishable from the instant case, as the trial court was not being asked to grant a raise or establish a salary out of the air, but rather to interpret and apply the ordinances at issue. The trial court clearly had jurisdiction to hear the matter and take the actions it did. La.Const. art. 5, § 16. This argument is devoid of merit.

Finally, the City claims the trial court erred in failing to "give deference" to the CSC's own interpretation of the rules in question. We disagree, finding, as did the trial court, that the CSC's interpretation is completely unsupported by its own rules.

Civil Service rules have the force and effect of laws. *Bradford v. Dep't. of Hosp.*, 255 La. 888, 233 So.2d 553 (1970). It is well settled that Civil Service rules must be construed according to the rules of interpretation applicable to legislation. *King v. LSU Health Sci. Ctr.*, 03-1138, (La.App. 1 Cir. 4/2/04), 878 So.2d 544. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.Civ.Code art. 9.

It is undisputed that the May 1, 2006 raise issued to all City employees was an "across-the-board" raise. There was no exception for employees on special assignment in the ordinance. The CSC's Rule VI Section 7.1(A) states that any classified employee, such as Ms. Allen, "shall receive across-the-board salary increases granted by the appointing authority and the City Council." Section 7.1(C) states that this eligibility "shall not be interrupted by his promotion or assignment." Moreover, Rule VIII Section 8.3 states plainly that "[w]hile on special assignment, all pay increases to which the employee is entitled in his permanent position shall be calculated on his authorized rate of pay in his permanent position."

3

We can find nothing in the pertinent Rules established by the CSC which allows for the interpretation that an employee on special assignment is not eligible for "across-the-board" pay increases. In fact, the CSC's "interpretation" of these rules is completely unsupported by them. The rules show that Ms. Allen was entitled to the four percent raise on her permanent position. Moreover, the record shows that the CSC Board which denied Ms. Allen's claim felt that she was, indeed, entitled to the money, but had merely filed her claim in an untimely manner.

After May 1, 2006, Ms. Allen's salary while on special assignment should have been the permanent salary plus the four percent raise, plus the additional seven percent on that new amount for the special assignment. The trial court's decision was without error.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are to be split between the City and the CSC.

**AFFIRMED.**

4