BROUSSARD, J.
CONCURS WITH REASONS
hi concur with the decision to affirm for the reasons stated in the majority opinion. *153 However, I write separately to address whether the DPM proved by a preponderance of evidence that it was Ms. Wilson’s conduct that impaired the efficiency of public service. The record and evidence offed by DPM support the position that the City’s/ DPM’s budget policy, which failed to anticipate the need to reasonably accommodate the illness of its employees through hiring temporary employees or other accommodations that are required by state and federal laws, caused or contributed to the inefficiency of the public service provided by DPM.
It is well settled that, in an appeal before the Commission, an appointing authority has the burden of proving by a preponderance of the evidence: 1) the occurrence of the complained of activity and 2) that the conduct complained of impaired the efficiency of the public service. Gast v. Dep’t of Police, 2013-0781, p. 3 (La. App.3/13/14), 137 So.3d 731, 733 (quoting Cure v. Dep’t of Police, 2007-0166 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094). If the Commission finds that an appointing authority has met its initial burden and had sufficient cause to issue discipline, it must then determine if that discipline “was commensurate with the infraction.” Abbott v. New Orleans Police Dep’t., 2014-0993, p. 2 (La. App. 4 Cir. 11/15), 165 So.3d 191, 197 (citing Walters v. Dep’t. of Police of City of New Orleans, 454 So.2d 106, 113 (La.1984)).
As the record indicates, the DPM rejected Mr. Patterson’s request for approval to hire a temporary replacement because the payroll budget could only be accessed to hire Ms. Wilson’s permanent replacement. Civil Service Rule 12.6, entitled “Non-disciplinary Removals,” provides as follows:
The provisions of this rule shall be made generally available to all employees. An employee may be non-disciplinarily removed under the following circumstances. ... Subsection (a) is subject to the provisions of the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA).
(a) Absence from Work
An employee may be removed under the following circumstances:
1. When, on the effective date of removal, the employee is unable to perform the essential functions of his job due to illness or medical disability and he has fewer than eight (8) hours of sick leave to his credit and his job must be performed without further interruption. (Emphasis added.)
Civil Service rules have the force and effect of laws. Bradford v. Department of Hospitals, 255 La. 888, 897, 233 So.2d 553, 556 (1970). Rule 12.6 plainly and unambiguously subjects terminations based on an employee’s inability to perform a job due to illness or disability to the provisions of the American with Disabilities Act (ADA). As a general rule, the ADA makes it unlawful for employers, to discriminate against a “qualified individual with a disability” because of the disability. 42 U.S.C. § 12112(a). The term “qualified individual with a disability” is defined as a person who, “with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.” 42 U.S.C. § 12111(8). The ADA imposes upon employers a duty to provide reasonable accommodations for known disabilities of its employees unless doing so would result in an undue hardship to the employer. Moss v. Harris Country Constable Precinct One, et al., 851 F.3d 413, 417 (5th Cir. 2017); Schilling v. Louisiana Department of Transportation and Development, 662 Fed.Appx. 243, 246 (5th Cir. 2016).
In this ease, I find that the admission by the DPM that the DPM budget for Ms. *154 Wilson’s position failed to anticipate the illness of its employees and/or the need to hire temporary employees to accommodate Ms. Wilson’s illnesses exposes possible violations of state and federal requirements to accommodate workers , who are willing to work but who are impaired by illness or physical challenges. Further, I find that the DPM provided no rational basis for its policy to use funds only for a permanent replacement of Ms. Wilson’s position. This budgetary policy on its face appears to be inefficient and placed an illegal burden on Ms. Wilson and similarly situated employees. DPM failed to demonstrate the rational basis for this flawed budgetary decision. DPM’s choice to limit its budgetary resources only to replace Ms. Wilson was not excluded as a factor in the inefficient operation of the DPM. Again, the DPM had a duty to reasonably accommodate Ms. Wilson during this ■ time of illness, whether that reasonable accommodation included reassignment, leave of absence, and/or modification to policies. See 42 U.S.C. § 12111(9). Consequently, I find that the DPM failed to prove that Ms. Wilson’s conduct impaired the efficiency of public service. For these reasons, I agree with the majority that the Civil Service Commission’s decision should be affirmed. ■