COVINGTON, Judge.
This is an appeal by Vernon A. Smith, Sr., the Appellant, who is a classified employee holding the position of Administrative Assistant for the Department of Animal Care at the L.S.U. Medical Center, from an opinion of the State Civil Service Commission granting the Request for Summary Disposition of the Louisiana State University Medical Center in New Orleans (L.S.U. Medical Center), the Appointing Authority, on the basis that the denial of a merit step increase in pay is not a disciplinary action on the part of the Appointing Authority; thus, it is not appealable. The Commission, therefore, denied the appeal. We affirm.'
The Appointing Authority asserts in its Brief that:
“Appellant is only eligible for the raise; in no way is he entitled to the increase. Management must use its discretion in rewarding meritorious employees. When an employee is so unquestionably undeserving of a pay increase as appellant, there has been no abuse of discretion and ample cause exists for a denial of a merit step increase. It is well established that ‘step increases are not to be considered automatic in nature or a vested right of an employee. Such increases should be merited by performance on the job and should not be granted without a careful analysis of an employee’s service.’ State Personnel Manual, Part 6, Page 6.4 (May 16, 1975).” (Emphasis by the writer of the Brief).
The basis for the Appointing Authority’s assertion was a letter dated December 20, 1977, from Dr. R. R. Gonzalez, Director of Animal Care Department, to Mr. John W. Bradley, Director of the Office of Personnel Services, L.S.U. Medical Center, recommending that Mr. Smith not be granted a merit increase in pay for specific reasons. The reasons were based on the direct observation of the Appellant’s daily work performance by his immediate supervisor. Dr. Gonzalez observed that Mr. Smith’s work performance was unsatisfactory in that he was absent too frequently, he made several costly accounting mistakes, he failed to keep an accurate research animal inventory, he made numerous mistakes causing departmental billing deficiencies, he failed to follow up on purchase orders, and he required constant supervision of his activities because of a lack of interest in carrying out his duties. In recommending that Mr. Smith not be granted the next merit increase in pay, Dr. Gonzales stated:
*600 “On many occasions, I have had discussions with him about these deficiencies and the resulting problems. Each time he has given unacceptable reasons for their occurrences. At the end of each meeting I have attempted to persuade him to show more interest in his duties. My efforts have been to no avail.”
In its opinion the Commission held that:
“A merit step increase in pay is a financial reward for which employees attain an eligibility after a stated period of service — usually one year. Undoubtedly such increases in pay may sometimes be used by some agencies as routine increases to cover rising living costs, but the purpose of this provision of the rules is to provide management with a tool to improve performance. Eligibility for such a pay increase does not vest an employee with a vested right to that increase.” (Emphasis by the Commission).
By its very nature a merit step increase in pay is not automatic; it must be earned by job-performance. An employee has no vested right to a step increase in pay. Such an increase must be merited. No one is in a better position to decide whether or not an employee has merited a step increase than his immediate supervisor. We hold that the denial of a merit step increase in pay is not a disciplinary action on the part of the Appointing Authority, and such a denial is not appealable.
For the foregoing reasons, we affirm the opinion of the Commission at the Appellant’s costs.
AFFIRMED.