789 So.2d 1263 (2001)
AFSCME, COUNCIL # 17 & Ronald Walker
v.
The STATE of Louisiana through the DEPARTMENT OF HEALTH & HOSPITALS, the State Civil Service Commission and Richard Ieyoub, Attorney General of the State of Louisiana.
No. 2001-CA-0422.
Supreme Court of Louisiana.
June 29, 2001.
*1264 Mary F. Horrell, Charles H. Braud, Jr., Richard P. Ieyoub, Attorney General, Baton Rouge, counsel for Applicant.
Daniel L. Avant, Mark E. Falcon, Robert R. Boland, Jr., Baton Rouge, counsel for Respondent.
KNOLL, Justice.[*]
The Louisiana Department of Health and Hospitals ("LDHH") filed this direct appeal[1] from the judgment of the district court which declared LA.REV.STAT. ANN. § 42:1414 unconstitutional.[2] We affirm *1265 the district court judgment, in part, finding that LA.REV.STAT. ANN. § 42:1414 is unconstitutional only as applied to classified state employees. We reverse that part of the judgment which found LA.REV. STAT. ANN. § 42:1414 unconstitutional as it affects unclassified state employees.

FACTS
LDHH employed Ronald Walker ("Walker") at the Hammond Developmental Center, a residential facility for the developmentally disabled, as a residential training specialist. Walker's employment entailed the direct care of residents. On March 27, 1998, LDHH notified Walker, a classified employee, by letter that he was terminated pursuant to LA.REV.STAT. ANN. § 42:1414. The termination letter stated:
You were convicted of a felony, Aggravated Battery, on February 10, 1997. You were sentenced to serve three years. Credit was given for time served and the sentence was suspended. L.S.A. R.S. 42:1414 requires an employee be terminated from his position of employment with the state upon conviction during his employment of a felony.
Walker appealed his termination on April 3, 1998, to the State Civil Service Commission ("Civil Service Commission"). That appeal is still pending.
On January 19, 1999, Walker, joined by Council # 17 of the American Federation of State, County, and Municipal Employees, AFL-CIO ("AFSCME"), sued LDHH, the Civil Service Commission, and the Attorney General of the State of Louisiana in district court,[3] seeking a declaratory judgment that LA.REV.STAT. ANN. § 42:1414 is unconstitutional.[4] Walker subsequently moved for summary judgment, contending that LA.REV.STAT. ANN. § 42:1414, which defines conviction of a felony during employment as a mandatory "cause" for termination from service, usurps the Civil Service Commission's exclusive authority, granted by LA. CONST. art. X, §§ 8, 10, and 12, to define the misconduct and behavior which constitutes cause for disciplining a classified employee. In addition, Walker argued that with the enactment of LA.REV.STAT. ANN. § 42:1414, the legislative branch of government impermissibly encroached upon the power of the executive branch to determine whether *1266 an employee's behavior warrants disciplinary action, thereby violating the principle of separation of powers provided in LA. CONST. art. II, § 2.[5]
LDHH opposed the motion for summary judgment, presenting four arguments. First, it argued that LA.REV.STAT. ANN. § 42:1414 did not interfere with the power and authority of the Civil Service Commission because this statute only showed the exercise of the Legislature to define and punish criminal conduct. Second, LDHH pointed out that the Civil Service Commission's definition of cause is ambiguous and certainly encompassed an employee's commission of a violent felony. Third, it contended that nothing in LA. CONST. art. X, § 10(A) indicates that the powers of the Civil Service Commission are exclusive. Next, addressing the separation of powers argument, LDHH contended that LA.REV. STAT. ANN. § 42:1414 did not interfere with the Civil Service Commission's constitutionally assigned function.[6]
The district court granted Walker and AFSCME's motion for summary judgment. In declaring LA.REV.STAT. ANN. § 42:1414 unconstitutional, the district court found that LA.REV.STAT. ANN. § 42:1414 violated the separation of powers principle established in LA. CONST. art. II, § 2. In its written reasons for judgment, the district court stated:
It is clear that only the State Civil Service Commission has the constitutional power and authority to determine what constitutes "cause" for discipline or dismissal of [a] permanent classified civil servant.
R.S. 42:1414 mandates that a state employee convicted of a felony during his employment be terminated from the classified service. Since only the State Civil Service Commission can decide what constitutes "cause" for termination, R.S. 42:1414 clearly contravenes that exclusive authority to hear and decide removal cases and determine what constitutes "cause" for termination. R.S. 42:1414 thus violates the provisions of Article 10, § 8, 10 and 12 of the 1974 Constitution.
Article 2, Section 2 of the Louisiana Constitution of 1974 provides the principle of separation of powers. In enacting a statute which sets forth mandatory "cause" for the firing of a member of the classified service, the Legislature has exercised power reserved to the executive branch in violation of Article 2, Section 2. (emphasis in original).
LDHH then pursued this direct appeal.

DISCUSSION
LDHH and the Attorney General have raised the same arguments before us as they did in the district court. Before reaching their arguments, we will first provide an overview of the doctrine of separation of powers and a thumbnail sketch of the Civil Service system so that we may place the argument of LDHH and the Attorney General into perspective.

*1267 Separation of Powers

The powers of Louisiana government are divided into three separate branches: legislative, executive, and judicial. LA. CONST. art. II, § 1. Except as otherwise provided by the constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others. LA. CONST. art. II, § 2.
In In re A.C., 93-1125, p. 17-18 (La.1/27/94), 643 So.2d 719, 731-32, we stated:
This section stands for the proposition that "the Constitution is violated only if one branch of government or its members exercises power belonging to either of the others" [State ex rel.] Guste [v. Legislative Budget Committee], supra, [347 So.2d 160] at 165. This rule has its origin in a desire for each branch to act as a "check" upon the other and, by so doing, ensure a "balanced" government, as was expressed by the United States Supreme Court in Humphrey's Executor v. United States, 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935):
The fundamental necessity of maintaining each of the three general departments of government entirely free from the control or coercive influence, direct or indirect, of either of the others, has often been stressed and is hardly open to serious question. So much is implied in the very fact of the separation of the powers of these departments by the Constitution; and in the rule which recognizes their essential coequality. The sound application of a principle that makes one master in his own house precludes him from imposing control in the house of another who is master there. James Wilson, one of the framers of the Constitution and a former justice of this court, said that the independence of each department required that its proceedings `should be free of the remotest influence, direct or indirect, of either of the other two powers.' And Mr. Justice Story in the first volume of his work on the Constitution, citing No. 48 of the Federalist, said that neither of the departments in reference to each other "ought to possess directly or indirectly, an overruling influence in the administration of their respective powers."
Thus, it is clear from the jurisprudence that "no one department (can) unduly interfere with or hinder any other department while the latter is acting or assuming to act within the scope of the particular powers reserved to it." Durrett Hardware & Furniture Co. v. City of Monroe, 199 La. 329, 5 So.2d 911, 914 (1942).
State in Interest of A.C., 643 So.2d at 731-32.
It is axiomatic that before the constitutional prohibition against the encroachment of one of the three branches of government into the authority of one of the other branches might be implicated, it is necessary to find that at least two branches of state government are involved. Although the district court did not specifically find that the Civil Service Commission was part of the executive branch of government, we so find. Under LA. CONST. art. X, § 6(A), the Department of State Civil Service is established in the executive branch of the state government. See also LA.REV.STAT. ANN. § 36:4(A)(1) (providing that the Department of State Civil Service is part of the structure of the executive branch of government). LA.REV.STAT. ANN. § 36:52 specifically designates that "the State Civil Service Commission shall be within the Department of State Civil Service...." Thus, by virtue of its placement within the Department of State Civil Service, it is clear that the Civil Service Commission *1268 is part of the executive branch of state government. Therefore, through the Legislature's enactment of LA.REV.STAT. ANN. § 42:1414 we are presented in this case with a potential encroachment of the legislative branch into the executive branch of government.

Classified Employees: An Overview of Civil Service
The civil service provisions in the state constitution and the rules of the Civil Service Commission are designed to protect public career employees from political discrimination by eliminating the "spoils" system. Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, 645. A person who has gained permanent status in the classified State Civil Service may be subject to disciplinary action for legal cause[7] expressed by the appointing authority in writing, if the conduct complained of includes conduct prejudicial or detrimental to the efficient and orderly operation of the public service in which the employee is engaged. LA. CONST. art. X, § 8(A).[8] The Civil Service Commission has the exclusive power and authority to hear and decide all state civil service disciplinary cases. LA. CONST. art. X, § 12(A).[9] The duty of the Civil Service Commission is to independently decide from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. See Department of Public Safety & Corrections, Office of State Police v. Mensman, 95-1950 (La.4/8/96), 671 So.2d 319, 321.[10] The Civil Service Commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions. LA. CONST. art. X, § 10(A)(1). Pursuant to its rule making authority, the Civil Service Commission defines cause for termination as "conduct which impairs the efficient or orderly operation of the public service." Civil Service Rule 1.5.2.01.

*1269 Determination of the constitutionality of LA.REV.STAT.ANN. § 42:1414

It is well accepted that statutes should be presumed valid and their constitutionality upheld whenever possible. State v. Hart, 96-0599 (La.1/14/97), 687 So.2d 94. To successfully challenge a legislative act as unconstitutional, the challenger must establish that no circumstances exist under which the act would be valid. State v. Powdrill, 95-2307 (La.11/25/96), 684 So.2d 350. Only where a statute is clearly repugnant to the constitution will it be stricken. Doherty v. Calcasieu Parish School Bd., 93-3017 (La.4/11/94), 634 So.2d 1172.
After scrutinizing the state constitution's scheme for Civil Service Commission review, it is evident that the Legislature's explicit reference in LA.REV.STAT. ANN. § 42:1414 which equates the commission of a felony during state employment to "cause" for termination directly interferes with the Civil Service Commission's authority to define "cause" under LA. CONST. art. X, § 10, at least with regard to classified employees. As enacted, LA.REV. STAT. ANN. § 42:1414 removes all discretion from the appointing authority as to whether to terminate a classified employee convicted of a felony during his employment and usurps the Civil Service Commission's exclusive authority to decide through the appeal process whether felonious conduct requires termination from classified service. Although it is well established that conduct which constitutes a violation of a criminal statute may constitute cause for dismissal, Walters, 454 So.2d at 113; Department of Public Safety & Corrections v. Hooker, 558 So.2d 676, 679 (La.App. 1 Cir.1990); Sanders v. Department of Health & Human Resources, 394 So.2d 629 (La.App. 1 Cir.1980), writ denied, 399 So.2d 602 (La.1981), and may be appropriate in the present case, LA.REV.STAT. ANN. § 42:1414 evidences a determination of this question by the Legislature, not the Civil Service Commission as mandated by the constitution.[11]
We are likewise unpersuaded by the argument of LDHH and the Attorney General that in enacting LA.REV.STAT. ANN. § 42:1414, the Legislature simply provided for the punishment of a crime, an exclusive legislative function. It cannot be denied that the Legislature has the exclusive authority to provide punishment for the crimes it defines. However, in the exercise of its legislative function, the Legislature cannot encroach upon the constitutional authority of the Civil Service Commission to determine cause for the removal of classified employees under the criteria it has adopted pursuant to the state constitution.

CONCLUSION
It is well recognized that a classified state employee enjoys a property right in continued employment which cannot be deprived without due process of law. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Under the provisions of LA. CONST. art. X, § 8(A), an appointing authority can only be subjected to disciplinary *1270 action for cause which must be expressed in writing. Moreover, under that same constitutional provision, a classified employee who has been subjected to disciplinary action has a right of appeal to the Civil Service Commission where the appointing authority has the burden of proving cause for the employee's disciplinary action. As provided in LA. CONST. art. X, § 12(A), the State Civil Service Commission has the "exclusive power and authority to hear and decide all removal and disciplinary cases." As pertaining to classified state employees, we find that LA.REV.STAT. ANN. § 42:1414 impermissibly encroaches upon the power and authority of the executive branch of government to decide all removal and disciplinary cases.
When a portion of a law is unconstitutional, the entire law may remain enforceable if the remaining portion of the law is severable. Police Assn. of New Orleans v. City of New Orleans, 94-1078, p. 19 (La.1/17/95), 649 So.2d 951, 965; Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 895 (La.1993); Radiofone, Inc. v. City of New Orleans, 616 So.2d 1243, 1249 (La.1993); State v. Azar, 539 So.2d 1222, 1226 (La.1989). This Court has summarized the required elements of the severability analysis, stating:
The test for severability is whether the unconstitutional portions of the law are so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention of the legislative body enacting the law. To be capable of separate enforcement, the valid portion of an enactment must be independent of the invalid portion and must form a complete act within itself. The law enforced after separation must be reasonable in light of the act as originally drafted. The test is whether the legislature would have passed the statute had it been presented with the invalid features removed. Where the purpose of the statute is defeated by the invalidity of part of the act, the entire act is void. Conversely, however, when the general objectives of the act can be achieved without the invalid part, the remaining parts of the act will be upheld.
Perschall v. Louisiana, 96-0322, p. 29 (La.7/1/97), 697 So.2d 240, 260 (citations omitted).
In the present case, LA.REV.STAT. ANN. § 42:1414 attempts to affect classified and unclassified employees. It is clear that only classified state employees are entitled to the protections enunciated in LA. CONST. art. 10, §§ 8, 10, and 12. Accordingly, we find that LA.REV.STAT. ANN. § 42:1414 as it pertains to unclassified state employees is enforceable as enacted to that segment of the state employee population.[12] Therefore, although we find LA.REV.STAT. ANN. § 42:1414 unconstitutional as applied to classified state employees, the provisions of LA.REV.STAT. ANN. § 42:1414 are nonetheless enforceable with regard to unclassified state employees.

DECREE
For the foregoing reasons, the decision of the district court is affirmed as it pertains to classified state employees. However, that portion of the judgment of the district court which found LA.REV.STAT. ANN. § 42:1414 unconstitutional as it affects unclassified state employees is reversed and set aside.
*1271 REVERSED, IN PART; AFFIRMED, IN PART.
NOTES
[*] Felicia Toney Williams, Judge of the Court of Appeal, Second Circuit, assigned as Justice Pro Tempore for Justice Bernette J. Johnson.

Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore sitting for Associate Justice Harry T. Lemmon.
[1] LA. CONST. art. V, § 5(D) provides that this Court has appellate jurisdiction if a law or ordinance has been declared unconstitutional.
[2] LA.REV.STAT. ANN. § 42:1414, which was added by 1982 La. Acts 353, effective July 17, 1982, provides:

The employee-employer relationship existing between a state employee, classified or unclassified, and the state shall be terminated and such employee shall be removed from his position of employment with the state upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States. Within forty-eight hours after a conviction is final and all appellate review of the original trial court proceedings is exhausted, the appointing authority of the employing agency shall terminate any state employee who is convicted of a felony and is holding a position of employment with such agency. For the purposes of Article X, Section 8(A) of the Louisiana Constitution and any provision of law relating to disciplinary action taken against a state employee including any provision of law relating to post-employment benefits, final conviction of a felony shall be a cause for termination of a state employee.
[3] Walker and AFSCME could not seek such a declaration in the Civil Service Commission because that body is without authority to decide questions of constitutionality. Albe v. Louisiana Workers' Compensation Corp., 97-0581 (La.10/21/97), 700 So.2d 824; In re Appeal of Brisset, 436 So.2d 654 (La.App. 1 Cir.), writ denied, 441 So.2d 749 (La.1983).
[4] Although Walker and AFSCME originally sued the Attorney General of the State of Louisiana, on March 29, 1999, they dismissed the Attorney General from the lawsuit. LA. CODE CIV. PROC. ANN. art. 1880 requires that if a statute is alleged to be unconstitutional, "the attorney general of the state shall be served with a copy of the proceeding and be entitled to be heard." A review of the record shows that Walker and AFSCME requested service on the Attorney General. In addition, pursuant to LA.REV.STAT. ANN. § 13:4448, this Court notified the Attorney General by certified mail of this proceeding. We further note that the Attorney General filed a brief with this Court, urging the constitutionality of LA.REV.STAT. ANN. § 42:1414, and participated in oral argument.
[5] LA. CONST. art. II, § 2 provides:

Except as otherwise provided by this constitution, no one of these branches [legislative, executive, and judicial], nor any person holding office in one of them, shall exercise power belonging to either of the others.
[6] Walker and AFSCME also urged that LA. REV.STAT. ANN. § 42:1414 deprived him of equal protection of the laws in violation of LA. CONST. art. I, § 3 because there was no statutory prohibition against the hiring of state employees into classified service who were convicted of a felony prior to state employment. LDHH likewise opposed that contention, urging that it was within the prerogative of the Legislature to require forfeiture of a public job as part of the penalty for committing a felony. The trial court did not reach this argument. We also need not reach this argument.
[7] A dismissal of a civil servant for cause is synonymous with legal cause. Appointing Authority, Chief of Police for the City of Kenner v. Trippi, 499 So.2d 1177 (La.App. 5 Cir.1986). "Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service ... [T]here must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service...." Leggett v. Northwestern State College, 242 LA. 927, 140 So.2d 5, 9-10 (1962); see also Newman v. Department of Fire, 425 So.2d 753, 754 (La.1983); Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984).
[8] Section 8.(A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
[9] Section 12.(A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases,....
[10] Although Mensman involved the State Police Commission's power, we observed in note 1 that its power to "hear and decide" cases is identical to that granted the State Civil Service Commission. Mensman, 671 So.2d at 320 n. 1.
[11] We find the reliance of LDHH and the Attorney General on Department of Public Safety & Corrections, Office of State Police v. Piazza, 588 So.2d 1218 (La.App. 1 Cir.1991) and Brown v. L.H.H.R.A, 346 So.2d 758 (La. App. 1 Cir.1977), misplaced. Although Piazza and Brown correctly point out that even the Civil Service Commission's ruling on cause is subject to appellate review, contrary to the position of LDHH, the cases primarily illustrate the function of the Civil Service Commission as the body within the executive branch which may be called upon by a classified employee to review the actions of an appointing authority which has chosen to discipline an employee under its control and to independently decide the employee's future employment with the state.
[12] No unclassified state employee is a party to this litigation. Thus, the constitutionality of the statute as it pertains to unclassified state employees is not before us for consideration.