878 So.2d 544 (2004)
Anna L. KING
v.
LSU HEALTH SCIENCES CENTER, Health Care Services Division  Medical Center of Louisiana at New Orleans.
No. 2003 CA 1138.
Court of Appeal of Louisiana, First Circuit.
April 2, 2004.
*545 Archie C. Tatford, Jr., New Orleans, Counsel for Plaintiff/Appellant Anna L. King.
Philip Kennedy, New Orleans, Counsel for Defendant/Appellee LSU Health Sciences Center, Health Care Services Division  Medical Center of Louisiana at New Orleans.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
GUIDRY, J.
A civil service employee serving with permanent status appeals her transfer and job reassignment by the appointing authority, LSU Health Sciences Center, Health Care Services Division, Medical Center of Louisiana at New Orleans (Appointing Authority). For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
Anna LaVelle King, employed as a medical cytotechnologist supervisor at the Appointing Authority, was presented with a letter on July 9, 2002, informing her that as of that date, she was being temporarily assigned to perform the duties of a medical cytotechnologist specialist for a period not to exceed one year. Ms. King was also informed in that letter that "[d]uring the time period of your new assignment, we will assist you in improving your supervisory skills by enrolling you in specific educational courses designed for this purpose. Your attendance in these courses is mandatory."
Ms. King appealed the action of the Appointing Authority to the Civil Service Commission (Commission), contending that her assignment to the position of medical cytotechnologist specialist constituted a disciplinary action for which the Appointing Authority lacked cause to impose. She further contended that the disciplinary action was taken in violation of her due process rights, and thus, she requested that the Commission permit her to resume her former duties and responsibilities without "further harassment and abuse by her superiors." The Commission assigned the matter to a referee for consideration.
After reviewing Ms. King's petition for appeal, the referee issued a notice of possible defects in the appeal, noting that Ms. King's allegations did not appear to be appealable because the allegations did not constitute a violation of a Civil Service Rule or an act of discrimination as required by La. Const. art. X or Civil Service Rule 13.10. The notice then informed Ms. *546 King that she had 15 calendar days in which to explain in writing why her appeal should not be summarily dismissed and/or to amend her appeal to cure the defects noted. Counsel for Ms. King responded in writing pursuant to the notice, reurging the allegations previously presented in the petition of appeal and attaching further documentation to support the allegations presented, including copies of memoranda and e-mails regarding Ms. King circulated by her superiors.
Despite the written explanation and additional documentation submitted by counsel for Ms. King, the referee issued a decision summarily dismissing Ms. King's petition. Ms. King filed an application to review the decision of the referee with the Commission on December 30, 2002, which application was denied. The decision of the referee thereby constituted the final decision of the Commission in accordance with Civil Service Rule 13.36(f)(4) and La. Const. art. X, § 12(A). Thus, Ms. King appeals the decision of the Commission.

ASSIGNMENTS OF ERROR
On appeal, Ms. King seeks review of the Commission's summary dismissal of her appeal raising the following assigned errors:
1. The Referee/Commission erred in summarily dismissing Ms. King's appeal.
2. The Referee/Commission erred in failing to find that Ms. King had satisfactorily established a basis of appeal grounded squarely upon a violation of the Civil Service Article/Rules, particularly Rule 8.16(d) and/or that the adverse action constituted a disciplinary action in [disguise]; and
3. The Referee/Commission erred in concluding that the adverse action suffered by Ms. King constituted a lawful detail to special duty within the meaning and intent of Civil Service Rule 8.16(d).

DISCUSSION
Decisions of the Commission are subject to the same standard of review as a decision of a district court. Usun v. LSU Health Sciences Center Medical Center of Louisiana at New Orleans, 02-0295, p. 4 (La.App. 1st Cir.2/14/03), 845 So.2d 491, 494. Factual determinations should not be reversed or modified unless clearly wrong or manifestly erroneous. Gorbaty v. Department of State Civil Service, 99-1389, p. 4 (La.App. 1st Cir.6/23/00), 762 So.2d 1159, 1162, writ denied, 00-2534 (La.11/13/00), 774 So.2d 147. However, the issue before us is a procedural one involving a determination of the sufficiency of an allegation rather than a factual finding. The deferential standard of review afforded to factual findings is therefore inapplicable to our review of the Commission's decision for legal error. Marcantel v. Department of Transportation and Development, 590 So.2d 1253, 1256 (La.App. 1st Cir.1991).
The question whether an employee has the right to appeal is analogous to the question whether a plaintiff has a cause of action. Ramirez v. Department of Social Services, 603 So.2d 795, 798 (La.App. 1st Cir.), writ denied, 608 So.2d 195 (La.1992). As further noted in Ramirez:
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Similarly, if the classified employee has alleged grounds upon which appeals are allowed, he has the right to appeal. The correctness of conclusions of law is not conceded for the purposes of a ruling on *547 an exception raising the objection of no cause of action.
603 So.2d at 798. (Citations omitted).
The state constitution limits the Commission's jurisdiction to hear appeals to two categories of claims: discrimination claims provided for in La. Const. art. X, § 8(B) and removal or disciplinary claims provided for in La. Const. art. X, §§ 8(A) and 12(A). Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587, p. 7 (La.3/2/99), 728 So.2d 1254, 1260. At issue in this appeal is whether the action of the Appointing Authority in reassigning Ms. King to the position of medical cytotechnologist specialist constituted a disciplinary action, which the Commission has jurisdiction to review on appeal.
Civil Service Rule 12.2(b) states that "[d]isciplinary actions can only include: reassignments; suspensions without pay; reductions in pay; involuntary demotions and dismissals." (Emphasis added). The Commission, however, expressly found that the action by the Appointing Authority did not constitute a disciplinary action, but was a "detail to special duty" in accordance with Civil Service Rule 8.16(d), which states:
(1) When, in the discretion of the appointing authority, the services of an employee are temporarily needed in a position within the department other than the position to which he is regularly assigned, he may be detailed to perform the duties of such position for a period not to exceed one month without change in title, status or pay.
(2) An appointing authority may detail an employee for a period not to exceed one year. With the Director's prior approval, an appointing authority may detail an employee for a period(s) that exceeds one year. Written justification for all details except those referenced in subsection (d)1 of this rule shall be kept by the agency. Justification shall be submitted with all details requiring the Director's approval. This rule is subject to Rules 17.16(b)4 and 17.26 concerning layoff-related details.
(3) The Director may issue policy standards for use of details to special duty.
(4) An appointing authority may terminate a detail at any time.
(5) The Director may, at any time, cancel a detail to special duty and/or withdraw an agency's authority to make details to special duty other than those stated in subsection (d)1 of this rule.
Civil Service Rule 1.13.1 further defines "detail to special duty" as "the temporary assignment of an employee to perform the duties and responsibilities of a position other than the one to which he is regularly assigned, without prejudice to his rights in and to his regular position." A reassignment is defined under Civil Service Rule 1.33 as "the change within the same department of a probationary or permanent employee from a position in one job to another position in a different job, both jobs of which have the same pay range."
The determination as to what constitutes a disciplinary action is within the authority of the appropriate Commission through its rule-making powers granted by La. Const. art. X, § 10. Rudloff v. Chief Administrative Office, 413 So.2d 550, 552 (La.App. 4th Cir.), writ denied, 420 So.2d 169 (La.1982). Civil Service rules must be construed according to the rules of interpretation applicable to legislation. Mobley v. Department of Social Services, 594 So.2d 914, 916 (La.App. 1st Cir.1991). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9.
*548 In the matter before us, despite the allegations raised by Ms. King in her appeal, the Commission, in interpreting the applicable Civil Service rules, found that Ms. King had not stated an appealable claim. We disagree.
In Adams v. Department of Health and Hospitals, Office of Mental Health, 97-0750 (La.App. 1st Cir.4/8/98), 710 So.2d 1176, writ denied, 98-1251 (La.6/19/98), 721 So.2d 474, a case factually similar to the matter before us, this court remanded for further proceedings on the employee's appeal of his assignment to "special duty." In that case, the employee's appeal was dismissed as untimely; however, because this court concluded that the facts surrounding the employee's detail to "special duty" resembled a disciplinary action, the case was remanded to the Commission for further inquiry into the facts surrounding the employee's reassignment and for a determination as to whether sufficient notice had been given to the employee if the action was found to constitute a disciplinary action. Adams, 97-0750 at 5, 710 So.2d at 1178.
In the matter before us, the allegations presented in Ms. King's petition and in the written explanation in response to the notice of possible defects in the appeal issued by the referee include: (1) that she was assigned to a position below the grade level of her position of medical cytotechnologist supervisor; (2) that she was told by a superior that at the conclusion of her detail to "special duty" she may be demoted; and (3) that a subordinate, James Carey Kirkpatrick, employed as medical cytotechnologist specialist, was given a one-year detail to "special duty" as medical cytotechnologist supervisor in the absence of Ms. King. As noted previously, Ms. King also submitted copies of letters, memoranda, and e-mails circulated by her superiors, the candor of which seemingly demonstrate that more than the temporary need of her services "in a position within the department other than the position to which [she] is regularly assigned" motivated their action. Thus, we conclude that the Commission erred in finding that Ms. King "failed to state a basis for appeal that establishes a right of appeal to the Commission" and accordingly reverse the decision of the Commission.

CONCLUSION
For the foregoing reasons, we reverse the decision of the Civil Service Commission summarily dismissing Ms. King's appeal. We remand this matter to the Commission for further inquiry into the facts surrounding Ms. King's detail to "special duty." All costs of this appeal in the amount of $117.00 are assessed to the LSU Health Sciences Center, Health Care Services Division, Medical Center of Louisiana at New Orleans.
REVERSED AND REMANDED.