CRAIN, J.
12James Dogans, a former employee of the Department of Revenue, State of Louisiana (Department), appeals a decision of the State Civil Service Commission that dismissed his appeal of the Department’s termination of his employment. We affirm.
FACTS AND PROCEDURAL HISTORY
In January of 2013, Dogans was employed as an auditor for the Department; however, due to illness he had been continually absent from his employment since February 29, 2012, a period of almost one year. On January 3, 2013, Dogans received a written notification from Joseph Vaughn, an assistant secretary for the Department, stating that Vaughn was recommending that Dogans be dismissed from his employment for non-disciplinary reasons pursuant to Civil Service Rule 12.6(a)l, which provides:
12.6 Non-disciplinary Removals
(a) An employee may be non-disciplin-arily removed under the following circumstances:
1. When, on the date the notice required by Rule 12.7 is mailed, hand delivered, or orally given, the employee is unable to perform the essential functions of his job due to illness or medical disability and has fewer than eight hours of sick leave. An employee removed under this provision shall be paid for all remaining sick leave.[1]
According to the notification, Dogans’ available sick leave was exhausted on December 27, 2012, and he had exhausted his Family Medical Leave entitlement. The notification further advised that the position of employment held by Dogans “is critical to this agency’s ability to collect revenue, and the duties of the position must be performed without further delay.” Dogans was instructed to respond to |sDee Everett, the Human Resources Director, if he disagreed with any of the facts stated in the notification.[2]
In a written response to Everett dated January 10, 2013, Dogans stated that he had an appointment with his doctor on February 11, 2013, to discuss the results of his therapy and to undergo some tests. If the results of his therapy were favorable, Dogans stated that he would “request permission to return to duty,” adding that if the test results “are also favorable, I can return to duty around March 4,2013.”
On January 25, 2013, Vaughn forwarded a second notification to Dogans confirming that he had been non-disciplinarily removed from classified service pursuant to Rule 12.6(a)l, effective February 4, 2013. Vaughn explained:
By pre-deprivation notice dated January 3, 2013, you were notified of the recommendation of removal. Therein *23 reference was made to your continual absence from duty dating back to February 29, 2012; exhaustion of your sick leave entitlement as of the date of issuance of the pre-deprivation notice; your exhaustion of leave under the Family and Medical Leave Act; and the recommendation of removal in accordance with Civil Service Rule 12.6(a)l. Responsive to this notice, by letter dated January 10, 2013, you informed Ms. Dee Everett, Human Resources Director, of a scheduled appointment with your physician on February 11, 2013, and your expectation of being released to return to duty on or about March 4, 2013. To this date, you have not provided any documentation from your physician evidencing your release to return to work to perform your customary job duties.
Dogans appealed the termination of his employment to the State Civil Service Commission. In his appeal, Dogans did not deny that on the date of the pre-deprivation notice, he was unable to perform the essential functions of his job due to illness, and that he had exhausted his sick leave. Instead, he asserted that he informed the Human Resources Director that he had a doctor’s appointment scheduled on February 11, 2013, and, if cleared, he would return to work. He further stated that his immediate supervisor, Barry Kelly, had authorized him to |4use annual leave in lieu of sick leave on various occasions during the month of January. Do-gans further alleged that he had offered to return to work but was not permitted to return without a release from his doctor, Dogans maintained that by “rejecting his offer to return to work, and terminating him prior to exhaustion of the leave authorized by Mr. Kelly, the agency, through Mr. Vaughn, acted arbitrarily and capriciously.”
The Commission assigned the appeal to a referee who issued a notice to Dogans informing him that his appeal did not contest any of the elements of Rule 12.6(a)l. Dogans was ordered to show cause why his appeal should not be summarily dismissed and/or to amend his appeal to cure the defect. Dogans amended his appeal but again did not contest that on the date of the pre-deprivation notice, he was unable to perform the essential functions of his job due to illness, and that he had exhausted his sick leave. Dogans did supplement his appeal with copies of emails from his supervisor and an assistant that confirmed the granting of Dogans’ requests in January for annual leave. He also alleged that “he was able, and did in fact return, to work on January 22, 2013, and worked that day, and the following day, January 23, 2013, without any problems.” According to the amended appeal, Dogans “ceased working only because he was ordered to do so” by his supervisor, and he was “not able to provide a medical release due to the fact that his next medical appointment was not scheduled until February 11, 2013.” He further asserted that Rule 12.6(a)l is discretionary, and the Department’s decision to invoke it was arbitrary and capricious because he had returned to work and could perform the tasks. Dogans concluded by averring that the Department “should have permitted him ample time to provide the medical release that the [Department] thought he needed.... ”
IsThe referee issued a decision that summarily dismissed the appeal, finding that Dogans’ contentions were irrelevant to the validity of his removal and explaining:
Allowing an employee to use annual leave for absences due to illness, injury or medical treatment is at the appointing authority’s discretion under the Civil Service Rules. Mr. Dogans has not properly contested the elements of a [Rule] 12.6(a)! removal by alleging a *24 delay in obtaining a release from his doctor, as he has not alleged that he was able to perform the essential functions of his job on January 3, 2013.
On January 3, 2013, (the date [the Department] delivered the pre-deprivation letter to Mr. Dogans), he was unable to perform the essential functions of his job due to illness or medical disability, and he had fewer than eight hours of sick leave. Despite being given an opportunity to do so, Mr. Dogans has not alleged sufficient specific facts supporting a conclusion that [Rule] 12.6(a)1 was violated by [the Department] in effecting his removal. Therefore, he has failed to allege a right of appeal to the Commission.
Dogans did not seek further review of the referee’s decision with the Commission and filed an appeal to this court. The referee’s decision constitutes a final decision of the Commission and is subject to appeal to this court pursuant to Article X, § 12(A) of the Louisiana Constitution. On appeal, Dogans contends that (1) the Commission erred in concluding that he offered no facts challenging his removal pursuant to Rule 12.6(a)1, and (2) assuming arguendo that the requirements for a non-disciplinary removal under Rule 12.6(a)1 were present, the Department acted arbitrary and capricious in effecting his removal prior to the expiration of his extended leave.
LAW AND ANALYSIS
Decisions of the Commission are subject to the same standard of review as a decision of a district court. King v. LSU Health Sciences Center, 03-1138 (La.App. 1 Cir. 4/2/04), 878 So.2d 544, 546. Factual determinations should not be reversed or modified unless clearly wrong or manifestly erroneous. King, 878 So.2d at 546; Gorbaty v. Department of State Civil Service, 99-1389 (La.App. 1 Cir. 6/23/00), 762 So.2d 1159, 1162, writ denied, 00-2534 (La.11/13/00), 774 So.2d |fi147. However, the issue before the court in the present appeal is a procedural one involving a determination of the sufficiency of an allegation rather than a factual finding. The deferential standard of review afforded to factual findings is therefore inapplicable to our review of the Commission’s decision for legal error. King, 878 So.2d at 546; Marcantel v. Department of Transportation and Development, 590 So.2d 1253, 1256 (La.App. 1 Cir.1991).
The Commission’s jurisdiction to hear appeals is limited to two categories of claims: discrimination claims under Article X, § 8(B) of the Louisiana Constitution, and removal or disciplinary claims under Article X, § 12(A). Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587 (La.3/2/99), 728 So.2d 1254, 1260. Chapter 13 of the Civil Service Rules governs appeals to the Commission, and Rule 13.14(d) authorizes a referee to summarily dismiss an appeal if the appellant has no legal right to appeal.[3] Whether an employee has the right to appeal a decision to the Commission is analogous to the question of whether a plaintiff has stated a cause of action. King, 878 So.2d at 546; Ramirez v. Department of Social Services, 603 So.2d 795, 798 (La.App. 1 Cir.), writ denied, 608 So.2d 195 (La.1992). When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Similarly, if the classified employee has alleged grounds upon which appeals are allowed, *25 he has the right to appeal. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception raising the objection of no cause of action. King, 878 So.2d at 546-547; Ramirez, 603 So.2d at 798.
Dogans’ appeal was summarily dismissed because the referee found that Dogans did not contest the elements of his removal pursuant to Rule 12.6(a)l, 17namely that on the date of the pre-deprivation notice, he was “unable to perform the essential functions of his job due to illness or medical disability and [had] fewer than eight hours of sick leave.” Our supreme court has held that a rule providing for the permissible termination of an employee who is unable to perform his duties by reason of illness, and who has exhausted his sick leave, expresses a legal cause for dismissal. Bradford v. Department of Hospitals, 255 La. 888, 897, 233 So.2d 553, 556 (1970). In discussing the purpose of the rule, the Bradford court recognized:
The Rules make allowance for sick leave with pay for employees in the classified service.... But there is no law or rule that entitle[s] one who has become incapacitated by illness or accident to continue indefinitely in the service; and, after the allowance of sick leave prescribed by the Rules has been exhausted, it is a matter of administrative discretion as to how much longer the employee shall be allowed to retain his position in the classified service.
Bradford, 255 La. at 896, 233 So.2d at 556 (1970) (quoting excerpt of Commission’s findings set forth in Villemarette v. Department of Public Safety, Division of State Police, 129 So.2d 835, 838 (La.App. 1 Cir.1961)).
In support of his right to an appeal, Dogans first argues that Rule 12.6(a)l only applies if an employee is unable to return to work “on the effective date of removal.” Dogans maintains that the allegations in his appeal establish that the effective date of his removal was January 22, 2013, and that he was able to return to work that day and the next day. Therefore, according to Dogans, the allegations of his appeal establish that all of the grounds for a nondisciplinary removal pursuant to Rule 12.6(a)l were not present.
This argument relies on a version of Rule 12.6(a)1 that is no longer in effect. Prior to amendment in 2007, Rule 12.6(a)1 provided, in pertinent part, that an employee may be removed:
When, on the effective date of removal, the employee is unable to perform the essential functions of his job due to illness or medical disability and he has fewer than eight (8) hours of sick leave to his | ^credit and his job must be performed without further interruption [4] [Emphasis added].
The Commission subsequently amended Rule 12.6(a)1, effective December 12, 2007, to provide, in pertinent part, that an employee may be removed:
When, on the date the notice required by Rule 12.7 is mailed, hand delivered, or orally given, the employee is unable to perform the essential functions of his job due to illness or medical disability and has fewer than eight hours of sick leave. [5] [Emphasis added.]
*26 As indicated, the relevant point in time for determining whether the employee was unable to perform the essential functions of his job and had fewer than eight hours of sick leave was changed from “the effective date of removal” to “the date the notice required by Rule 12.7 is mailed, hand delivered, or orally given” to the employee.[6] According to the Commission, the amendment was necessary because:
Over the years agencies have complained that as soon as the employee receives notice that removal has been proposed, the employee returns to work, works a short period of time, earns more sick leave, runs out of sick leave, and the cycle begins again. The change would stop the “revolving door” problem.[7]
Applying current Rule 12.6(a)1, Dogans’ appeal to the Commission did not dispute that as of January 3, 2013, the date of the pre-deprivation notice, he was unable to perform the essential functions of his job due to illness or medical disability, and he had fewer than eight hours of sick leave. His alleged attempts to return to work after that date are irrelevant to the application of Rule 12.6(a)1. 19Accordingly, we find no merit to the assertion that the referee erred in summarily dismissing the appeal because Dogans failed to contest the elements of his removal under Rule 12.6(a)1. See Dent v. Department of Corrections, Hunt Correctional Center, 460 So.2d 57, 58 (La.App. 1 Cir.1984) (affirming referee’s summary dismissal of appeal where referee found that “nowhere in the appeal does appellant deny or otherwise put at issue the facts on which her termination was based”); Broussard v. Department of Corrections, Louisiana Correctional and Industrial School, 405 So.2d 1219, 1221 (La.App. 1 Cir.1981) (affirming summary dismissal of appeal where employee admitted to having been absent and that her sick leave was exhausted).
Dogans next argues that his right to appeal to the Commission was established by allegations that Vaughn acted in an arbitrary and capricious manner by removing Dogans while he was on approved annual leave. Although Dogans’ appeal to the Commission contains a general allegation that the termination of his employment was “arbitrary and capricious,” the documents submitted therewith reflect without contradiction that he was removed from his employment for non-disciplinary reasons in accordance with the provisions of Rule 12.6(a)1.[8] The pre-termination notice attached to his appeal to the Commission provides that Dogans was unable to perform the essential functions of his employment and had exhausted all of his sick leave as of that date. Dogans was instructed to respond to the Human Resources Director if he disagreed with those *27 facts, and his subsequent response does not deny or otherwise contest those facts. To the contrary, his response confirms that he would not be able to return to work until about three 1 inmonths later, and then only if he receives favorable results from his therapy and medical tests.
The emails from Kelly (Dogans’ immediate supervisor) and his assistant confirm that Dogans was permitted to take annual leave during certain days in January of 2018, Dogans had exhausted his sick leave and was unable to return to work, so he requested and was permitted to use annual leave in lieu of sick leave. The Department had the discretion to allow Dogans to use annual leave under Rule 11.7. The discretionary allowance of that annual leave did not change or otherwise alter the fact that the requisite conditions for a removal under Rule 12.6(a)1 existed as of January 3, 2013. Annual leave cannot be considered in determining whether an employee has sick leave remaining under Rule 12.6(a)1. See Pierre v. Department of Natural Resources, Office of Environmental Affairs, 449 So.2d 596, 599 (La.App. 1 Cir.1984) (applying former Rule 12.10(a), now set forth at Rule 12.6(a)1).
As explained by the Department, the decision to allow Dogans to use annual leave was important only for payroll purposes, as it allowed him to remain on payroll during his continued absence pending the outcome of his pre-deprivation process. The Department’s only other alternative was to place Dogans on leave without pay pursuant to Rule 11.27. Dogans was permissibly removed from his employment under Rule 12.6(a)1 because on January 3, 2013, he was unable to perform the essential functions of his job due to illness or medical disability, and he had fewer than eight hours of sick leave. That removal was not rendered arbitrary or capricious by the Department’s decision to permit his use of annual leave in lieu of sick leave during the pre-deprivation process.
CONCLUSION
By relying on an attempt to return to work and the use of annual leave after his receipt of the pre-deprivation notice, Dogans attempts to utilize the “revolving _[ndoor” that the Commission effectively closed in 2007 when it amended Rule 12.6(a)1 to provide that the date of the pre-deprivation notice is the pertinent date for determining whether the employee was unable to perform the essential functions of his employment and had less than eight hours of available sick leave. Based upon our finding that Dogans’ appeal to the Commission did not set forth facts sufficient to establish his right to appeal we affirm the decision of the referee to summarily dismiss the appeal. All costs of this appeal are assessed to Dogans.
AFFIRMED.

. Rule 12.6(b) further provides that when an employee is removed under this rule, the adverse consequences of Rules 6.5(c), 22.4(d), 23.16(a)4, 23.13(b), 11.18(b), and 17.23(e)4 “shall not apply.”

. The January 3, 2013 notification will be referred to hereinafter as the “pre-deprivation notice.”

. Rules adopted by the Civil Service Commission have the force and effect of laws. La. Const. Art. X, § 10(A)(4); Bradford v. Department of Hospitals, 255 La. 888, 897, 233 So.2d 553, 556 (1970).

. See Shortess v. Department of Public Safety & Corrections, 06-2313 (La.App. 1 Cir. 9/14/07), 971 So.2d 1051, 1054, writ denied, 07-2293 (La.1/25/08), 973 So.2d 761.

. See General Circular No. 001717, State of Louisiana, Department of State Civil Service (November 5, 2007); Annotations to the Civil Service Rules, Louisiana Department of State Civil Service (2nd Ed.2008), at pg. 96.

. Rule 12.7 provides, "When an appointing authority proposes to discipline or remove a permanent employee, the employee must be given oral or written notice of the proposed action, the factual basis for and a description of the evidence supporting the proposed action, and a reasonable opportunity to respond,” Dogans does not dispute that the January 3, 2013 pre-deprivation notice satisfies the requirements of Rule 12.7, and he concedes that he received the notice on January 3, 2013.

. See General Circular No. 001717, Explanation 2.

.In determining whether Dogans has a right to appeal to the Commission, we consider the appeal and any documents annexed thereto. See King, 878 So.2d at 546 (right to appeal is analogous to whether a plaintiff has stated a cause of action); Paulsell v. State, Department of Transportation and Development, 12-0396 (La.App. 1 Cir. 12/28/12), 112 So.3d 856, 864, writ denied, 13-0274 (La.3/15/13), 109 So.3d 386 (an exception of no cause of action is triable solely on the face of the petition and any attached documents).