CRAIN, J.
!¡>In this appeal, we must determine whether an employee sufficiently alleged a disciplinary action to invoke the jurisdiction of the State Civil Service Commission. The employee filed an appeal with the Commission alleging that her employer rescinded a pay raise after it was granted and became effective, based upon an incorrect determination that the employee violated an agency rule. The Commission found those allegations insufficient to set forth a disciplinary action and summarily dismissed the employee’s appeal. We reverse and remand.
FACTS
Rhonda Cope is a permanent-status employee with the Louisiana Department of Children and Family Services. On September 27, 2013, Cope learned that she would be receiving a four percent increase in her compensation effective October 1, 2013. That information was communicated by an email from ■ the Secretary of the Department, Suzy Sonnier, to all Department employees, providing, in pertinent part:
I am happy to announce that [the Department] will give four percent increases for performance pay adjustments to all [Department] team members who meet the criteria of the Performance Evaluation System (PES). These performance pay adjustments will be effective October 1st and will be included in your October 18 payroll check.
The referenced “Performance Evaluation System” is a system utilized by state agencies to review and evaluate the performance of classified employees. Cope was evaluated under the system on August 5, 2013, several weeks prior to the Secretary’s email, and had received an overall evaluation of “[successful,” which, according to the system’s standards, meant her work and behavior “met the performance criteria.” Consequently, pursuant to the Secretary’s email, Cope was among the employees who would receive an increase in pay on October 1.
|sThe October 1 date came and passed without any further communications concerning the matter. However, on October 15, over two weeks into the new pay period, Cope received an email from a supervisor- advising that “your performance adjustment, effective 10/1/13, is not being granted due to a violation of [Civil Service Rule] 10.2(b).” Rule 10.2 is one of the regulations governing the performance evaluation system, and the rule generally requires that an “Evaluating Supervisor,” the position held by Cope, is responsible for administering the performance evaluation system for her designated employees in accordance with the rules and policies of the Civil Service. Rule 10.2(b) further provides that an Evaluating Supervisor who fails to administer the system in accordance with the applicable rules shall not be eligible for a performance adjustment for that year.
According to the email, Cope violated Rule 10.2(b) by failing to perform an evaluation on another employee, Bessie Hall. Although Cope acknowledged that a performance evaluation was not performed for Hall, Cope asserted that the Human Resources department had instructed her that an evaluation was not necessary for Hall, because Hall had worked only nine days during the evaluation period.
About two weeks after her supervisor’s October 15th email, the Director for the Louisiana State Civil Service issued a *1062 “GENERAL CIRCULAR” announcing that she was “granting a statewide exception ... for Evaluating Supervisors and Second Level Evaluators who failed to administer the performance evaluation system in accordance with Rule 10.2 and 10.3” for the years 2012-2013 and 2013-2014. The Director explained that the exception was granted due to a number of unforeseen circumstances that resulted from the transition to the new performance evaluation system. After receiving the circular, the Department maintained its position with respect to Cope’s pay adjustment, stating in an email, “Per Secretary Suzy Sonnier, pay adjustments will not be given based on the information in the | ¿circular. As the head of the Agency, Secretary Son-nier may decide to grant or deny the pay adjustments.”
Cope filed an appeal with the Commission seeking receipt of her performance adjustment effective October 1, 2013. Initially she relied primarily upon the circular as establishing an exception for any purported violation of Rule 10.2. After the appeal was assigned to a civil service referee, he issued a notice to Cope questioning whether she had the legal right to appeal because “it appears that the statewide exception is not mandatory in nature.” The referee further advised that employees only have a right to appeal such issues if they allege that they have been adversely affected by a violation of a Civil Service article or rule, or that they have been discriminated against because of their religious or political beliefs, sex, or race. The referee gave Cope an opportunity to show cause in writing why the appeal should not be summarily dismissed, or to avoid dismissal by amending her appeal.
Cope responded, with a detailed statement of her claim asserting that (1) there was no basis in law for imposing Rule 10.2(b) on her in light of the exception granted in the circular, and (2) the facts did not support a basis for any sanction against her. Cope alleged that she had been advised on numerous occasions that an evaluation was not necessary for Hall because of Hall’s extended absence from work. She submitted numerous documents in support of the claim, including the Secretary’s September 27, 2013 email announcing the four percent pay raise effective October 1, 2013.
After considering this supplemental information, the referee issued a decision finding that Cope had failed to allege a right of appeal and summarily dismissed the matter. The referee found that “the denial of a performance adjustment is not a disciplinary action, so legal cause is not necessary to support |Rthe denial of a performance adjustment.” The referee further found that Cope did not allege any type of discrimination or violation of Civil Service rules or articles, because performance adjustments are payable at the agency’s discretion, and the circular did not divest the Department of that discretion.
Cope sought review of the referee’s decision in an application filed with the Commission, wherein she emphasized that the Department’s decision on October 15, 2013, to deny her the performance adjustment was, in fact, a reduction in pay because the adjustment had been in effect for over two weeks. Cope attached numerous documents to the application, including a copy of her August 5, 2013 evaluation confirming that she met the necessary performance criteria to receive the raise, as announced, on October 1, 2013. The subsequent reduction in pay, according to Cope, constituted a disciplinary action that gave her a legal right to appeal the decision.
The Commission denied the application, stating, “Denial of a performance adjust *1063 ment is not a disciplinary action. Therefore, appellant has no right of appeal under Rule 13.10(a).” In support of its finding, the Commission cited Rule 6.14, which provides that an employee “may be granted a performance adjustment, provided that the appointing authority has determined his performance merits such an adjustment.” The Commission’s denial of Cope’s application made the referee’s decision the final decision of the Commission. See La. Const, art. X, § 12(A); Civil Service Rule 13.36(g).
On appeal to this court, Cope assigns as error the summary dismissal of her appeal to the Commission, asserting that her filings stated a basis for an appeal because her pay adjustment was revoked and rescinded, not merely “denied.” She also contends that her pleadings show that she did not violate any Civil Service [¿rules and, further, that the Commission erred in finding that the Department had the discretion to ignore the statewide exception announced in the circular.
DISCUSSION
A civil service referee, on his own motion, may summarily dismiss an appeal when “the Commission lacks jurisdiction of the subject matter” or “the appellant has no legal right to appeal.” See Civil Service Rule 13.14(a)(1), (2) and (d). Whether an employee has the right to appeal a decision to the Commission is analogous to the question of whether a plaintiff has stated a cause of action. Dogans v. Department of Revenue, 13-1196 (La.App. 1 Cir. 2/18/14), 142 So.3d 20, 24; King v. LSU Health Sciences Center, 03-1138 (La.App. 1 Cir. 4/2/04), 878 So.2d 544, 546. When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Similarly, if the classified employee has alleged grounds upon which appeals are allowed, she has the right to appeal. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception raising the objection of no cause of-action. Dogans, 142 So.3d at 24-25; King, 878 So.2d at 546-47. In determining whether an employee has a legal right to appeal to the Commission, this court considers the allegations of the appeal and any documents annexed thereto. Dogans, 142 So.3d at 27, n. 8.
Decisions of the Commission are subject to the same standard of review as a decision of a district court. Dogans, 142 So.3d at 24; King, 878 So.2d at 546. Factual determinations should not be reversed or modified unless clearly wrong or manifestly erroneous. Dogans, 142 So.3d at 24; King, 878 So.2d at 546. However, the issue before the court in the present appeal is a procedural one involving a determination of the sufficiency of an allegation rather than a factual finding. The deferential standard of review afforded to factual findings is therefore 17inapplicable to our review of the Commission’s decision for legal error. Dogans, 142 So.3d at 24; King, 878 So.2d at 546.
The Commission’s jurisdiction to hear appeals is limited to two categories of claims: discrimination claims under Article X, § 8(B) of the Louisiana Constitution, and removal or disciplinary claims under Article X, §§ 8(A) and 12(A). See Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587 (La.3/2/99), 728 So.2d 1254, 1260. Similarly, Civil Service Rule 13:10 provides: Only the following persons have a right of appeal to the Commission:
(a) a state classified employee with permanent status who has been removed or subjected to one of the disciplinary actions listed in Rule 12.2(b).
*1064 (b) a state classified employee who has been discriminated against in any employment action or decision because of his political or religious beliefs, sex or race.
(c) a state classified employee who has been adversely affected by a violation of any provision in the Civil Service Article or of any Civil Service Rule other than a rule in Chapter 10.
A classified employee who has been subjected to disciplinary action has a right of appeal to the Civil Service Commission where the appointing authority has the burden of proving cause for the employee’s disciplinary action. La. Const. art. X, §§ 8(A) and 12(A); AFSCME, Council # 17 v. State ex rel. Department of Health and Hospitals, 01-0422 (La.6/29/01), 789 So.2d 1263, 1269-70. The actions that constitute “discipline” are now listed in Rule 12.8(a), which provides, “Discipline includes only: suspension without pay, reduction in pay, involuntary demotion and dismissal.” (Emphasis omitted.)
The referee summarily dismissed Cope’s appeal based, in part, upon a finding that the denial of a performance adjustment is not a disciplinary action, and the Commission agreed. However, the allegations of Cope’s appeal and the documentation filed therewith do not reflect a claim based upon the denial of a | ^performance adjustment. Instead, the appeal documents assert that Cope was granted a raise that was subsequently revoked after it became effective. More particularly, the appeal sets forth the following timeline:
1. August 5, 2013: Cope received her performance evaluation providing that her work and behavior “met the performance criteria.”
2. September 27, 2013: Cope received the Secretary’s email announcing a four percent pay increase, effective October 1, 2013, for all employees “who meet the criteria of the Performance Evaluation System.”
3. October 1, 2013: Effective date of raise.
4. October 15, 2013: Department advised Cope that her performance adjustment was not being granted due to a purported violation of Rule 10.2(b).
According to these allegations, when Cope reported for work on October 1, she began earning the adjusted compensation. Accepting those allegations as true, any attempt thereafter to “deny” the adjustment is tantamount to a reduction in compensation, which is a disciplinary action. See Civil Service Rules 12.3(a) and 1.33.02.
In reaching a contrary conclusion, the referee relied upon Malone v. Department of Corrections, Louisiana Training Institution-Ball, 468 So.2d 839, 841 (La.App. 1 Cir.1985), wherein this court noted that a “denial of a merit increase is not considered a disciplinary action,” and Smith v. LSU Medical Center, 365 So.2d 599, 600 (La.App. 1 Cir.1978), holding that an “employee has no vested right to a step increase in pay.” Similarly, the Commission relied upon Rule 6.14, which confirms the discretionary nature of an authority’s decision to grant a performance adjustment. Those authorities are factually distinguishable from the present appeal, where the allegations and supporting documentation suggest that the Department’s actions occurred after Cope was awarded the adjustment and it became effective. While an authority has discretion to determine |flwhether to grant a performance adjustment, once the adjustment is granted and becomes effective, the authority no longer enjoys the same level of discretion in any subsequent attempt to rescind or reduce the adjustment. *1065 After the effective date of the adjustment, any rescission or reduction of the pay raise based on a rule violation rises to the level of a disciplinary action that is subject to review by the Commission. See La. Const, art. X, §§ 8(A) and 12(A); AFSCME, Council # 17, 789 So.2d at 1269-70; Civ. Service Rules 18.10(a), 12.3(a), and 1.88.02.
The referee and Commission erred as a matter of law in summarily dismissing Cope’s appeal based upon the finding that she failed to set forth a legal right to appeal. In so holding, we express no opinion concerning the merits of Cope’s allegations. We hold only that Cope’s appeal documents, wherein she asserts that the Department granted her an increase in compensation and then rescinded that increase after its effective date, adequately allege a disciplinary action sufficient to invoke the jurisdiction of the Commission. See La. Const. Art. X, §§ 8(A) and 12(A); Civ. Service Rule 13.10(a). For that reason, the Commission’s opinion is reversed, and this matter is remanded for further proceedings.
CONCLUSION
The Civil Service Commission’s summary dismissal of Cope’s appeal is hereby reversed, and this matter is remanded to the Civil Service Commission for further proceedings. Assessment of costs shall await final disposition in this matter.
REVERSED AND REMANDED.